# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3236 | **DATE** | 11/12/2010 |
| **CASE TITLE** | Musso vs. Excellence In Motivation, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Excellence in Motivation's motion (37) for a protective order is granted. Accordingly, the clerk of the court is ordered to remove Docket entry Nos. 26-2, (exhibit B ) 32, and 35 from the docket of Case No. 10 C 3236, and to remove Docket No. 36 from the docket of related Case No. 10 C 3235. The appropriate parties are ordered to refile these documents without the inadvertently disclosed emails or any reference to them.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     Defendant Excellence in Motivation's motion for a protective order is granted. Pursuant to Federal Rule of Evidence 502, disclosure of privileged information will not operate as a waiver of privilege if "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Evid. 502(b)(1)-(3). Plaintiff does not seriously dispute either that the emails at issue are privileged or protected as attorney work product, or that their disclosure was inadvertent. Plaintiff contends, however, that defendant did not take reasonable steps either to prevent disclosure or to rectify the error. Plaintiff emphasizes that the disclosure was made incident to the public filing of a set of documents containing relatively few pages, not to a massive document production of the sort that might reasonably be expected to contain some number of errors. Although the small number of documents reviewed is, indeed, a factor weighing in plaintiff's favor, *see Heriot v. Byrne*, 257 F.R.D. 645, 658-59 (N.D. Ill. 2009), it is not the only consideration, and defendant's counsel's description of the steps she took in her review reflects a reasonable, if obviously imperfect, procedure.
     Moreover, I am not persuaded that the public nature of the disclosure, as opposed to disclosure only to the opposing counsel in discovery, has any significance in this case. The public at large has no interest in the information at issue; plaintiff does. Nor is the disclosure a "bell" that cannot be "unrung." Plaintiff makes much of his supposed reliance on the inadvertently disclosed emails, but the only use he has made of the information so far is to cite it--in one footnote of a fifteen page brief--as evidence supporting one of his theories for dismissal of defendant's counterclaims. Consideration of such evidence at this stage would be inappropriate in any event.
     Finally, the undisputed facts regarding the steps defendant's counsel took to rectify the error reflect prompt, appropriate action.

| STATEMENT |
|---|
| Accordingly, the clerk of the court is ordered to remove Docket Nos. 26-2, 32, and 35 from the docket of Case No. 10 C 3236, and to remove Docket No. 36 from the docket of related Case No. 10 C 3235. The appropriate parties are ordered to refile these documents without the inadvertently disclosed emails or any reference to them. |